Judge Ukderwqod
delivered the opinion of the Court,
At the August term, 1829, of the Mason circuit court, the judge thereof caused the following order to be entered of record, 4CJohn Bickley being summoned as a witness in behalf of the commonwealth, against William Greathouse, on an indictment for felony; it is ordered, that the said John Bick-ley, be recognized to appear bore on the first day of the next November term of this court, himself, in the *573 sum of five hundred dollars, with one or more securties in the like sum; and in default-of his entering' into said recognizance, that be be committed to the jail of Mason county.” Bickley having failed to enter into the recognizance, as required, was committed to jail. On the next day Adam Beatty, an attorney of the court, filed a written statement suggesting that Bickley was illegally detained in prison, and praying that the court might award'a writ of habeas carpus, to produce the body of Bickley before the court. The jailor brought Bickley into court, and shewed as the cause of his detention the order of court, already recited. Thereupon, Mr, Beatty moved the court to rescind the order, upon Bickley’s entering into a recognizance personally, and without security in such penalty, as the court might designate, at the same time assuring the court that Bickley, was'unable to procure a surety. The court refused ló'a'ccept the personal recognizance of Bickley without a surety, and refused to liberate him.
The court assigned the following reasons, for his detention, and its refusal to rescind the order, all which are set out in the bill of exceptions, to-wit: That Bickley was a material witness, in the prosecution against Greathouse; that he had been subpoenaed to attend as a witness in behalf of the commonwealth, at the October term, 1828, and had failed; that an attachment was-awarded against him, in consequence of his failure to attend, returnable to the May term, 1829, which was duly executed upon him. Bickley did not appear at the May term; that another attachment issued against him, returnable to the August term, at which term, he was brought into court, to purge himself of the contempt, when he stated upon oath, that he determined never to attend as a witness in said prosecution after the trial, which took place in April, 1828, and had kept out of the way to avoid it, until a few days before the August term, 1829; when having changed his determination, he had resolved in future to attend as a witness.
It may be remarked that Bickley, in opposing the law, by refusing to attend as a witness, against an individual charged with felony, has not pursued a commendable course; but whatever may have been his *574 conduct or the motives which influenced it, they constitute no-sufficient apologj', for transcending the legitimate powers of the court, in respect to him.
in criminal cases, court may compel %yitness to enter into recognizance, to appear at future day, but cannot require any surety of him.
By the statutes of Philip and Mary, referred to in Chitty’s Criminal law,page 61,(marginal, page 90)and by the statute of this state providing for the examination of criminals, before justices-of the peace, authority is conferred on the magistrates to recognize witnesses to attend at a future time in court; hut nothing is said about requiring security of them. We have not been able to find any statute, which authorizes the circuit court, to compel witnesses to enter into recognizances with surety, and on their failure, to commit them to jail. That circuit courts may require of a witness in a criminal case, a recognizance binding him personally to appear at a future day of the court, we will not question; but that the circuit court, can add at pleasure other conditions, which, if not complied with, will authorize an imprisonment of the witness, canndt be conceded. Before such a doctrine can be tolerated by us, a positive grant of the power by the legislature must be shewn, and we have been unable to find any such grant. We are therefore of opinion, that so much of the order of the August term, 1829, as required Bicldey to give security in the-recognizance is unauthorized by law, and consequently that part of the order, which makes his imprisonment depend upon his failure to give security, is likewise illegal.
The order of August, 1829, cannot be supported undqr the acts of assembly concerning contempts, J. Digest, 301-2. If the court had no authority to require Bicldey to give security, and if, as is alleged, he was unabie to give it, his failure could not, it seems to us, be well construed into a contempt of the court. We know, that it has been heretofore decided that no writ of error lies to an order punishing a contempt; Johnson’s case, I. Bibb, 598; we concur in the doctrines of that case, and do not intend to disturb its authority. We merely suggestthatBickley’s failure to enter into the recognizance with surety,could not amount to a contempt, for the purpose of fortifying the idea that he was imprisoned solely upon the ground that he did not give security, and that the *575 circuit court must have entertained the opinion, that such failure was sufficient to justify his commitment, Had Bickley failed to enter into a recognizance sonally, (a thing which he could do, and which he offered to do) that might have been construed by the court into a contempt of its authority, and imprisonment might have legally resulted* But then the imprisonment could not have been %r a longer period than one day, and the order inflicting the punishment, should specify its duration. The orde'r of August, 1829, in this case, even regarding the proceeding as intended to punish for a contempt, is defective in not specifying the time of the confinement. We conceive in,cases of contempt, the appellate court has authority to correct erroneous judgments, and sentences, although it cannot retry the question of contempt or no contempt. Suppose for instance a circuit court should inflict a fine of $500, for a contempt, without the intervention of a jury, when the statute limits the fine to ten pounds; might not this court rectify the error? we see no objection to doing it.
Order impris-oningfor con-temP*> ™.U8t 0Vconfinement
*n cases of oourfcrfap-peala has P°'Ter to c®r* merits &sentences, tho> it “oontempt or E0 contempt”
By an act of 1812, I. Digest, 302; when a witness fails to attend in obedience to a subpoena, and process for a contempt is awarded against him; courts are directed by their order to fix the sum and what number of sureties the defendant in the process shall give, to be bound with him for his appearance to answer the alleged contempt. If the person against whom the process issues, fails or refuses to give bail as directed when arrested, it is the sheriff’s duty to remove him to the jail of the county, whence the process issued and it is the duty of the jailor, of that county to commit him to close prison. It may be that the circuit court has conceived itself authorized to require surety of Bickley, in the present case under powers derived from this act, and has committed him on account of his failure to give it, believing its power equalled that of the Sheriff and jailor in the cases provided for in the statute. According to our view of this case, it is very different from those provided for, by the statute of 1822. Here Bickley has not been proceeded against, and sentence passed on him' by the order of August, 1829, with a view to punish him for a contempt in failing to attend court, when summoned; but the proceeding seems to have been designed *576 fo secure his attendance at the November term as ii .witness. If the object of the court had been to punish him for the contempt previously offered, the court would have inflicted afine, not exceeding .£10 or imprisonment, not longer than one day, or if the court did not then wish to adjudicate upon the question of contempt, he might have been recognized to appear at the next term, %) answer the contempt, and in that ease we are inclined to the opinion the court might have required of him surety, in virtue of the statute of 1812. But instead of the order of August, 1829, shewing that the court was proceeding against Bick-ley with a view to make him answer at a future day, for a contempt previously offered, it shews that the object was to proceed against him as a witness with a view to secure his attendance, and in that respect the act of 1812, gave the court no authority to require of him the security demanded, and to imprison him if he failed to give it.
Broten, for plaintiff; Denny-, for defendant.
We do not deem it proper or necessary to say whether this court, would have appellate jurisdiction to control circuit judges in habeas corpus cases, acting in, pais, but in the present case, when the court has entered of record, an order which operates contrary to law, upon the rights of a citizen, however humble from misfortune or intemperance, he may be, we do not doubt our authority to correct it. It is a judicial act, not warranted by law, and as such ought not to be permitted to stand on the record tmrevers-ed. The consequences of its reversal, is an ulterior matter.
Wherefore, so much of the order of the Mason circuit court, rendered at the August term, 1829, as requires one or more sureties to be bound with John.Bickley, for the sum of five hundred dollars, for his appearance on the first day of the next November term, of said court, and in default of his entering into a recognizance with one or more sureties for his appearance, as aforesaid, at the November term, of said court, directing that he be committed to the jail, of Mason county, be, and the same is hereby reversed and set aside, and the clerk of this court will certify the same to the circuit court.