*Davenport* v. *Bird*, 34 Iowa, 524; *Williamson* v. *Com.*, 4 B. Mon. (Ky.) 146.)

*W. C. Stratton*, for Respondent.

This is a criminal action—actions are of two kinds. (C. C. P. 22, 24.)

---

[No. 10,774.—Sharpstein, J.]
July 3, 1882.

## EX PARTE G. W. SHAW.

COMMITMENT OF WITNESS—HABEAS CORPUS.—The petitioner was committed to prison for not complying with an order of the Superior Court which required him to give an undertaking with sureties to appear and testify in a criminal action therein pending.

*Held:* The Court was not authorized to exact from a witness, who was not examined before the committing magistrate, such an undertaking. The power to require undertakings in such cases is confined to witnesses who are examined before the committing magistrate.

APPLICATION for discharge on *habeas corpus.*

*Chas. H. Wolf,* for Petitioner.

SHARPSTEIN, J.:

Section 878 of the Penal Code provides that : " On holding the defendant to answer, the magistrate may take from each of the material witnesses *examined,* before him," an undertaking to the effect that he will appear and testify, etc; and Section 1879 that "when the magistrate or a judge of the court in which the action is pending is satisfied, by proof on

oath, that there is reason to believe that any such witness will not appear and testify unless security is required, he may order the witness to enter into a written undertaking, with sureties, in such sum as he may deem proper, for his appearance as specified in the preceding section.

Section 881 provides that if a witness who has been required to give such an undertaking fails to do so he may be committed to prison, etc. The petitioner alleges that he was not examined before the committing magistrate in the action now pending in the Superior Court, and that he has been committed to prison for not complying with an order of that Court which required him to give an undertaking with sureties for his appearance as specified in the provisions of the Code above cited.

The return does not controvert that allegation.

I do not think that the Court was authorized to exact from a witness who was not examined before the committing magistrate, an undertaking that he would appear and testify at the court to which the deposition and statements were sent. The power to require undertakings in such cases appears to be confined to witnesses who were examined before the committing magistrate; and it is only in case of a failure to give an undertaking when legally required to do so, that the Court can commit a witness to prison. Therefore it is ordered that the petitioner be discharged.