F. A. COMFORT, Appellee, v. L. D. KITTLE, Appellant.

1.  **Criminal Procedure:** WITNESSES: RECOGNIZANCE: STATUTE. Section 4385 of the Code being an exact transcript of section 4744 of the Revision of 1860, except in the substitution of the word "cognizance" in the later statute for "recognizance," and from the inapplicability of a cognizance to the evident purposes of the statute, the above change of words must be deemed to have been made by mistake in transcribing the section of the revision, and the section as it now stands in the Code is to be construed as authorizing courts and judges to require a "recognizance" for the appearance of witnesses in criminal proceedings.

2.  ——: ——: ——: ORDER AT CHAMBERS. An order requiring a witness to enter into a recognizance for his appearance may be made by a judge at chambers, in a distant county, without notice to the witness, and without his being heard.

3.  ——: ——: BOND WITH SURETIES. Section 4385 of the Code does not authorize district courts or judges to require of witnesses written undertakings, *with sureties*, conditioned upon their attendance at criminal proceedings, nor to order their arrest and imprisonment as security for such attendance. The provisions of sections 4248 to 4251 of the Code, giving such authority to magistrates on preliminary examination, are not applicable to judges of the district court.

*Appeal from the Superior Court of Council Bluffs.*
HON. E. E. AYLESWORTH, Judge.

FRIDAY, OCTOBER 17, 1890.

PROCEEDINGS in *habeas corpus.* The case is submitted on an agreed abstract which shows that plaintiff presented his petition, alleging that he was illegally restrained of his liberty by the defendant by virtue of the order hereinafter referred to. Defendant answered, denying the illegality of the restraint, and alleging that he detained the defendant for refusing to comply with said order. On the hearing the plaintiff testified that he had no knowledge of an application for said order until the defendant had him arrested, and that on the nineteenth or twentieth of May, 1889, he was served with a subpœna in the case of State of Iowa *v.* P. Cadwell and W. C. Cadwell, for the September term, 1889, of the Monona county district court. Defendant introduced the order under which he held the plaintiff, and his return thereon, which is as follows:

"Application having been made this day to me requesting that witnesses, F. A. Comfort and John X. Aleck, be required to enter into recognizance for their appearance as witnesses in the case of the state of Iowa against P. Cadwell and W. C. Cadwell, now pending in the district court of Monona county, state of Iowa, where the same has been transferred by change of venue from the Harrison county district court, the undersigned, having found the application sufficient, makes the following order: *First.* That John X. Aleck and F. A. Comfort each execute a bond in the sum of three hundred and fifty dollars to the state of Iowa, with sureties, to be approved by the clerk of the district court of the state of Iowa for Monona county, conditioned that they will appear as witnesses in the said cause of the State of Iowa *v.* P. Cadwell and W. C. Cadwell, at the first day of the September term of the district court of said Monona county, Iowa, in and for

the year 1889, and not depart therefrom until further ordered by the court. *Second.* That the sheriff of Monona county, Iowa, is hereby authorized and ordered to serve this order on the said F. A. Comfort and John X. Aleck, and personally require them to execute their said bonds in accordance with this order, and, upon their failure so to do, to arrest the said F. A. Comfort and John X. Aleck, and keep them in his custody until they comply with this order or be otherwise legally discharged.

"Done at Sheldon, Iowa, this twenty-third day of May, A. D. 1889.

"[ Signed.]          SCOTT M. LADD,

"Judge Fourth Judicial District of Iowa."

EXHIBIT " B."

"STATE OF IOWA,   }
                         } ss.
"Monona County,  }

"I, L. D. Kittle, sheriff of Monona county, Iowa, hereby certify and return, that the annexed order came into my hands for service on the twenty-fourth day of May, A. D. 1889, and in compliance with said writ he (F. A. Comfort) refused to give bond, and I arrested him, the said F. A. Comfort, on the twenty-ninth day of May, A. D. 1889, in the town of Logan, Harrison county, Iowa, and I now hold him for the further order of this court.          L. D. KITTLE,

"Sheriff."

There being no further testimony Judge AYLES-WORTH ordered that the plaintiff be released and discharged, from which defendant appeals.

*C. E. Underhill*, County Attorney, for Monona County.

*S. H. Cochran* and *Joe H. Smith*, for appellant.

*J. W. Barnhart* and *L. R. Bolter & Sons*, for appellee.

GIVEN, J.—I.  The power to require persons, without accusation of wrong and without a hearing, to give

1. CRIMINAL procedure: witnesses: recognizance statute. even their own pledge for their appearance as witnesses, is surely an extraordinary power, and still more extraordinary when security may be required and imprisonment imposed for a failure to give it. The power to bind witnesses by recognizance to appear and give evidence has long since been conferred upon courts and judges by the statutes of many, if not all, of the states. We are not aware that it has ever been exercised in the absence of statutory authority. It is a familiar rule that when the statute confers authority upon any given subject it is to the exclusion of all other authority than that expressed in the statute. The question before us is whether, under the law and facts, Judge LADD had authority to make the order under which the petitioner is detained.

In the chapter of the Code authorizing changes of venue in criminal cases from one county to another, it is provided in section 4385, that when any prosecution has been transferred, the accused shall give bond for his appearance. "And the court or judge may require all material witnesses, in behalf of the prosecution, to enter into cognizance for their appearance at the district court of the county to which the prosecution is transferred." This section is an exact transcript of section 4744 of the revision, except that the word "recognizance" is used in the revision, instead of "cognizance," as in the Code. Lexicographers define cognizance to mean, in law, knowledge or notice; judicial knowledge or jurisdiction; an acknowledgment or confession, as an acknowledgment of a fine. Recognizance is defined to be, an obligation of record entered into before some court of record or magistrate duly authorized, with condition to do some particular act, as to appear at the same or some other court, to keep the peace or pay a debt. In view of these definitions, and the inapplicability of a cognizance to the evident purposes of the statute, we are satisfied that this change of words occurred by mistake in transcribing the section of the revision, and that section 4385 of the Code should

be construed as authorizing courts and judges to require recognizance.

II.  Some question is made as to whether the case against Cadwells was a criminal prosecution. While it is not so stated in terms, we think it fairly appears from the record that it was a criminal prosecution, and that petitioner was deemed a material witness for the prosecution.

2. —: —: —: order at chambers.

The petitioner claims that the order is illegal because made at chambers, distant from Monona county, without notice to him, and without his being heard. The proceeding is summary; no provision is made for notice or hearing. Judge LADD might make whatever order he had power to make when, where and as this one was made.

III.  The material question is whether Judge LADD had authority to require the petitioner to execute a bond with sureties, conditioned that he would appear as a witness, and to order that, upon failure, he be arrested and kept in custody.

3. —: —: bond with sureties.

From what we have said, it will be seen that we regard the judge as having authority to require the petitioner to enter into recognizance. There is a differ-ence between a recognizance and a bond. Webster says, "A recognizance differs from a bond, being wit-nessed by the record only, and not by the parties' seal." He defines a bond to be, in law, " A writing under seal by which a person binds himself, his heirs, exec-utors and administrators." It is certainly questionable whether authority to require a recognizance confers power to require a bond, and yet, as it cannot be very material to the witness in which form he gives his obligation, we might not hold the order unauthorized merely because a bond instead of a recognizance is required. It is of grave importance to a witness whether he may be required to give other security than his own promise, and graver still whether for failure, through inability or otherwise, he may be arrested and impris-oned. To require sureties, and to order imprisonment

in such cases, is the exercise of an unusual and extraordinary power, and should not be exercised where the authority is doubtful. The authority being conferred by statute, and the statute excluding all authority not conferred by it, we are to look to it alone.

The statute quoted is the only one conferring power upon district courts and judges in such cases. There is not the remotest reference therein to either sureties, arrest or imprisonment. Sections 4248 to 4251 of the Code do authorize magistrates, on holding the defendants to answer in the district court on preliminary examination, to take from each material witness examined by him, on the part of the state, a written undertaking for his appearance in the district court, and, if satisfied that the witness will not fulfill his undertaking, to require him to enter into it with sureties, and, in case of refusal, to commit him until he comply or be legally discharged. These provisions are expressly limited to preliminary examination before magistrates. If it was intended thereby to confer the same authority upon district judges, in cases of change of venue, there would be no necessity for the provision contained in section 4385 as to witnesses. These provisions being expressly limited to preliminary examinations before magistrates, we are not at liberty to engraft them upon the other statute, even though there are good reasons why district courts and judges should possess the same authority. The powers being statutory, it is for the legislature alone to say who shall possess them, and to what extent. Much is said as to the necessity of the district courts and judges having power to require witnesses to give surety for their attendance, and the failure to detain them in custody to prevent failure of justice. Such arguments are rather for the lawmaking power than for the courts. Statutes conferring such powers as we are considering are justified by necessity, for without them the enforcement of criminal statutes would frequently fail, but while the necessity justifies the law it does not justify the exercise of these powers in the absence of authority in the law.

It is very clear that, taken alone, section 4385 of the Code does not authorize district courts or judges to require sureties from witnesses, nor to order their arrest and imprisonment.   In the opinion of a majority of the court such authority in the district courts and judges may not be inferred from the statutes in respect to preliminary examinations, nor from the necessities of the case, and hence that the learned district judge acted without authority in requiring the petitioner to furnish sureties, and in ordering his arrest and detention upon failure so to do.

For these reasons the detention of the plaintiff is illegal, and the judgment of the superior court in ordering his release should be AFFIRMED.

BECK, J. ( *dissenting* ).—I.   I cannot concur in the decision announced in the foregoing opinion of a majority of the court.   That opinion rightly holds that the section of the Code before us for interpretation authorizes the district court in a criminal case, wherein a change of venue has been taken, to require material witnesses for the state to enter into recognizances for their appearance at the court to which the cause is sent.   The point for determination in this case is this :  Does the district court, upon granting the change, have authority under the section to require the witness, who is the plaintiff in this case, to give security, by entering into an undertaking with sureties, for his appearance at the court to which the cause was transferred ?

The general definition of the word "recognizance" is correctly given in the foregoing opinion, as an obligation of record entered into before a court competent to take it.   But we must inquire what kind of an obligation, and for what purposes it is given, which is contemplated by the section of the Code under contemplation.   It is evident that obligations of record, of all forms and for all purposes, are not within the meaning of the statute, and it is equally plain that it contemplates an obligation which is intended by the law to

secure the attendance of the person, giving it as principal, at the court to which the venue of the cause is changed. It cannot be doubted that the recognizance contemplated by the section of the statute under consideration is the kind of a contract, both as to the condition and parties, which the law, either by the express statute, or by the uniform practice of the courts, requires to be given in cases where the appearance of a party or the attendance of a witness, or other person, is required before a court in connection with a case pending therein. Such recognizances are always obligations, the performance of which is secured by bail, who enter into the contract alone or with the principal whose appearance or attendance is required, unless, when, by special statute or practice, the bail may be dispensed with. Hence a recognizance is always spoken of as an obligation or instrument of record wherein bail is given by the party whose appearance is intended to be secured. When the books speak of a recognizance, without more, it is understood that bail is to be given. It is sometimes the practice, when one is indicted for a crime, and the prosecutor and court are satisfied of his innocence, or of the impossibility to convict him, that he is discharged from custody without bail upon his own undertaking to appear at another time. It is presumed that courts have authority to do this. See Abbott's Law Dic., title, Recognizance, p. 387. But surely they have authority when a recognizance is required by the law in a proper case to require bail. The district court in the case before us required plaintiff to give bail.

In support of my position that where a recognizance to secure the attendance of one at court is spoken of in the law it is implied that bail is to be given, unless the contrary is expressed, see 1 Bouvier's Dictionary, title, Bail, p. 153 ; 2 Abbott's Law Dictionary, Title, Recognizance ; 1 Burrell's Law Dictionary, Title, Bail, p. 174 ; 1 Rapalje & Lawrence, Law Dictionary, title, Bail, 106 ; *State v. Gorley*, 2 Iowa, 52 ; Petersdorff on Bail, 509, ch. 5. In my opinion, under the provision of the statute in question ( Code, sec. 4385 ), the district court

was authorized to require bail. That section authorizes the court to require plaintiff to enter into a recognizance; the law contemplates that bail shall be given to secure the performance of the obligation to appear unless the court otherwise order. To my mind it is plain that the order of the district court requiring the plaintiff to enter into a recognizance with bail was made under full authority conferred by section 4385 of the Code.

II. In my opinion, considerations based upon the reason and spirit of this section of the Code, its subject-matter and context, and the remedy provided therein, support the conclusion I reach in this case. It was enacted to confer authority upon the district court to require witnesses for the state in criminal cases to appear at the place of trial when the venue is changed. The purpose and intent of the law, its subject-matter, is the prevention of the defeat of justice by the failure or refusal of the state witnesses to appear at the trial. The impediment in the enforcement of the law arising from this cause has resulted often in the defeat of justice for time out of mind. The reason and spirit of the law demand such interpretation of the section as will prevent the failure of justice in such a way. This court is required to interpret the statute in accord with its reason and spirit, thus securing a remedy which will effectuate its purpose and intent.

III. Other statutes in *pari materia*, intended to compel the attendance of witnesses, may be considered in the support of my conclusions. We must presume that the legislature in the enactment of the section intended that the provision should accord with other like provisions, applicable in the same class of persons, and conform to the practice of the courts, and should be effective in accomplishing the object of the enactment, namely, to compel the attendance of witnesses for the state in cases taken on change of venue to other counties. We will not put a construction upon the statute which will deprive it of all efficiency. The bond or other obligation of a witness, without security, would

not secure the attendance of witnesses who are without pecuniary responsibility, and for any reason would desire the acquittal of the accused. Surely, the legislature did not intend that the statute should be without effect upon this class of witnesses.

IV. In proceedings by preliminary examinations before a magistrate upon committing, or admitting, to bail the accused, the magistrate may require the witness for the state to enter into a written undertaking with security in an amount to be fixed by him, conditioned that they appear at the court to which the accused is committed and give evidence in the case. Code, secs. 4248, 4249. If the witness fail or refuse to enter into the undertaking, as required by the magistrate, he may be committed to jail. Code, sec. 4251. Under this legislation a witness prior to indictment of the accused may be committed to jail upon failure to give security for his appearance to testify in the case upon further proceedings had therein. But under the law, as announced in this case by the majority opinion, a witness, after indictment of the accused, cannot be required to give security for his appearance at the trial upon change of venue. A witness, upon whose testimony the state rests for the conviction of an accused, is by the magistrate committed to jail upon refusal or failure to give bail as ordered. He is held in custody until the court meets, when the accused is indicted and is awarded a change of venue. The witness is then discharged upon his own undertaking without security. The legislature never intended such want of uniformity and wisdom in the statutes. We should so construe them that uniformity and harmony may be attained as far as possible.

V. But it is said that the section of the Code under construction does not by its language require security. That is true, and it is also true that its language does not require any obligation or undertaking to be entered into by witnesses. It is only by interpretation of a word, whereby a meaning is placed upon it which, in fact, it does not have, that the majority opinion reaches the conclusion that the witness may be required to enter

alone into an obligation to appear.    I have no difficulty in going a step farther in the interpretation of the word, which may be done under the very same rules which sustain the interpretation of the majority, and holding that the legislature intended that the witnesses should enter into such an obligation with security, if required, which, under the practice of the courts and in harmony with other provisions of the law, is in other like cases required to secure their attendance at the trial after a change of venue has been taken.    My conclusions reach a result conducive to the effective enforcement of the laws introduced to punish and suppress crime, and which is in exact harmony with other statutes of like purpose.

In my opinion the judgment of the supreme court ought to be reversed.