ORIGINAL.

## *In re* KAWAHARA YASUTARO, FUKUSHIMA KINASAKU and KUBIYAMA HIROKICHI.

SUBMITTED MAY 16, 1904.          DECIDED JUNE 1, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Witnesses confined in jail by virtue of an order of arrest made by a circuit judge, prior to the trial in the circuit court, under author ity of Section 1367, C.L., are entitled to be discharged after the trial on the indictment and cannot be restrained under such order pending the hearing of the defendant's exceptions in this Court.

OPINION OF THE COURT BY GALBRAITH, J.

Habeas corpus in behalf of Kawahara Yasutaro, Fukushima Kinasaku and Kubiyama Hirokichi who are alleged to be un-

lawfully restrained of their liberty, being confined in jail at Lihue, by J. H. Coney, Sheriff of the Island of Kauai, Territory of Hawaii.

The application for the writ was addressed to the Chief Justice and was issued returnable before the Court.

The return of the sheriff seeks to justify the imprisonment: (1) under authority of "an order of arrest" made by the circuit judge of the Fifth Circuit, in the case of the Territory of Hawaii v. Moritaro Matsumoto, charged with the crime of murder in the first degree. This order after reciting that the sheriff had filed an affidavit with the Court setting out that these parties were material witnesses in said case, proceeds, "You are hereby commanded to arrest the said Kawahara Yasutaro, Fukushima Kinasaku and Kubiyama Hirokichi forthwith and detain them in your custody until further order of this Court, unless they shall each enter into good and sufficient undertakings with one or more sureties in the sum of five hundred dollars each to be and appear and testify from time to time as ordered or directed herein fail not. Dated Lihue, Kauai, February 9th, 1904." and signed by the Judge; (2) that at the March Term, 1904, of the Fifth Circuit Court the defendant in the case of the Territory of Hawaii v. Moritaro Matsumoto, was convicted of the crime of murder in the first degree and that his attorney moved for a new trial which motion was then and there overruled and that said attorney "is preparing a bill of exceptions to the Supreme Court of the Territory of Hawaii to correct errors alleged to have occurred and been committed during the progress of the trial of said cause"; (3) that none of the witnesses in whose behalf the application is made has applied to the Circuit Judge for release; (4) that the said Kawahara Yasutaro, Fukushima Kinasaku and Kubiyama Hirokichi, unless held and restrained under and by virtue of the order aforesaid, will remove from the Territory of Hawaii, and be lost to the Territory as witnesses in said cause should the same, by reason of any alleged errors, be remanded to the trial Court for a new trial."

The sole issue presented by the return is, does the order of

arrest made by the circuit judge prior to the trial on the indict-
ment authorize the sheriff to restrain these witnesses pending
the hearing of the defendant's exceptions on appeal? We are
clearly of the opinion that it affords no such authority.

The statute under which this order was made reads: "The
Attorney General or the Sheriff on the several circuits may re-
quire of any judge of a court of record, at Chambers, that wit-
nesses material to the prosecution of any criminal indictment
preferred, or about to be preferred, be bound by recognizance to
appear and testify at the trial of such indictment, or that such
witnesses be committed to jail for that purpose, and it shall be
lawful for the Judge, so applied to, to make such order." Sec.
1367, C.L.

This statute authorized the judge upon the application of the
Sheriff to make an order directing the sheriff to take the recog-
nizances of the witnesses "to appear and testify at the trial of
such indictment" or "to commit them to jail for that purpose"
but did not authorize him to direct the sheriff to commit the wit-
nesses to prison for an indefinite period or "until the further
order of the court." However, the statute being the limit of the
judge's power in the premises the order of arrest cannot be
held to intend to empower the sheriff to do more than the statute
authorized. In other words the order could do no more than em-
power the sheriff to take the recognizances of the witnesses to
appear and testify on the trial of the indictment against the
defendant or to commit them to jail for that purpose. *The Peo-
ple v. Milles,* 5 Barb. 511, 514, 515.

It is said by the Supreme Court of Iowa: "The power to re-
quire persons, without accusation of wrong or without a hearing,
to give even their own pledge for their appearance as witnesses,
is surely an extraordinary power, and still more extraordinary
when security may be required and imprisonment imposed for a
failure to give it. The power to bind witnesses by recognizance
to appear and give evidence has long since been conferred upon
courts and judges by the statutes of many, if not all, of the
States. We are not aware that it has ever been exercised in the

absence of statutory authority. It is a familiar rule that when the statute confers authority upon any given subject it is to the exclusion of all other authority than that expressed in the statute." *Comfont v. Kittle,* 81 Iowa, 179, 181, 182.

Again this statute being penal in its effect must be construed strictly and in favor of the liberty of the citizen. Its scope can not be extended by implication. Only the power clearly given ·by its language can be exercised under it. *In re Brito,* 7 Haw. 42; *Ex parte Shaw,* 61 Cal. 58; *The State v. Grace,* 18 Minn. 398; *Clayborn v. Tompkins,* 141 Ind. 19.

As the statute only authorized the judge to direct the sheriff to take the recognizances of the witnesses to appear and testify at the trial, or to commit them to jail "for that purpose" and the trial has taken place, the power, and all the power, conferred by this statute has been exercised and the order cannot be any justification for holding the witnesses further, no matter what the language of the order may be.

In answer to the contention that these witnesses, unless restrained, will be "lost to the Territory", at a retrial of the case in which they are material witnesses, providing the defendant perfects his bill of exceptions and providing further that the same should be sustained by the Supreme Court and a new trial ordered, we will say that we are not impressed with this position. There is of course a possibility of a retrial of the cause but no certainty of it. There is no authority in the statute for a sentence of indefinite imprisonment against these witnesses. The presumption is in favor of the regularity of the proceedings of courts of record and the burden is placed on one alleging errors therein to show it affirmatively. We cannot indulge in the presumption that the defendant's bill of exceptions, if prepared and allowed, will result in a reversal of the judgment of the circuit court and a retrial of the defendant; even if such a presumption were allowable the statute does not authorize the imprisonment of these witnesses pending the hearing on the exceptions.

The witnesses were entitled to their discharge after the trial

on the indictment in the circuit court and since that time they have been unlawfully restrained. They were not compelled to apply to the circuit judge for release. They had a perfect right to apply to this court, as they did so, for their discharge.

Let the witnesses be restored to liberty.

*S. K. Kaeo* for the writ.

*E. C. Peters, Deputy Attorney General,* for Sheriff.