## LITTLE *et al.* v. TERRITORY.

No. 725. Opinion Filed March 21, 1911.

(114 Pac. 699.)

**WITNESSES—Attendance—Recognizance.** The power to bind a witness by recognizance to appear and give evidence in criminal cases is an extraordinary one, and cannot be exercised in the absencs of statutory authority.

(Syllabus by the Court.)

*Error from District Court, Ellis County; G. A. Brown, Judge.*

Action by the Territory of Oklahoma against D. F. Little and others. Judgment for the Territory, and defendants bring error. Reversed and remanded.

*S. A. Miller* and *A. M. Appelget,* for plaintiffs in error.
*C. B. Leedy,* for the Territory.

KANE, J., This was an action on an appearance bond, conditioned that if the principal, Little, shall make his appearance before the district court of Day county as a witness for the territory of Oklahoma in certain misdemeanor cases pending therein, said obligation to be null and void.

The petition alleged, in substance, that said Little was held as a witness to testify in behalf of the territory in certain misdemeanor cases pending in the district court; that in order to regain his liberty said Little, as principal, and the defendants Walck, McQuigg, and Rader, as sureties, executed their bond whereby they undertook and agreed that said Little should appear and testify in the said district court at the next term thereof, and abide by the order of said court, and not depart without leave thereof, or, if he should fail to perform either of said conditions, that the said defendants would pay to the plaintiff the sum of $500; that thereupon said Little was ordered discharged from custody and released from jail; that thereafter, on the ——— day of October, A. D. 1905, the same being one of the regular judicial days of the October, A. D. 1905, term of said court, the said D. F. Little being three times called as required by law, and the said H. I. Walck, J. R. McQuigg, and Geo. Rader being three times called as required by law to come into court and bring with them the body of the said D. F. Little, and failing to do so, the recognizance was forfeited.

The answer alleged, in substance, that said Little, at the time and prior to the giving of said undertaking, was a resident of the state of Georgia; that shortly prior to giving said bond he was brought into the territory of Oklahoma upon a warrant and requisition based thereon upon the charge of disposing of mortgaged property; that upon hearing he was acquitted of the charge preferred against him by said warrant, and for which he was extradicted, and immediately upon his discharge, and before

he had left the courtroom, he was arrested as a witness in the cases mentioned in plaintiff's petition, and detained as such witness, in violation of his rights as a citizen of the state of Georgia and of the United States; that in order to secure his liberty he was compelled to execute the recognizance sued upon.

The reply was a general denial.

After the issues were joined as above, the plaintiff moved the court for judgment upon the pleadings, upon the ground that it appeared from the pleadings that the defendants have no good and valid and sufficient defense to said cause of action. This motion was sustained by the court, whereupon judgment was entered against the defendants, to reverse which this proceeding in error was commenced.

It was error to render judgment on the pleadings. The only sections of the statute authorizing a person to be held as a witness with which we are familiar are sections 6635, 6636, Compiled Laws of Oklahoma 1909. The first of these sections provides, in substance, that on holding the defendant to answer the magistrate may take from each of the material witnesses examined before him on the part of the state a written undertaking, without surety, to the effect that he will appear and testify at the court to which the informations are to be sent, or that he will forfeit such sum as the magistrate may determine; and the second, that when the magistrate is satisfied by proof on oath that there is reason to believe that any such witness will not appear and testify, unless security be required, he may order the witness to enter into a written undertaking, with such sureties and in such sum as he may deem proper. If the allegations of the answer be taken as true, it is obvious that the recognizance sued on was not taken under either of the above sections. The power to bind witnesses by recognizance to appear and give evidence in criminal cases is an extraordinary one, and cannot be exercised in the absence of statutory authority. 22 Enc. of P. & P. p. 1343; *Comfort v. Kittle*, 81 Iowa, 179, 46 N. W. 988; *Ex parte Shaw*, 61 Cal. 58.

The judgment of the court below is reversed, and the cause remanded, with directions to proceed in conformity with this opinion.

All the Justices concur.