Ex parte JOE RIDDLE.

No. A-4857.   Opinion Filed Oct. 12, 1923.
(218 Pac. 894.)

Petition by Joe Riddle for a writ of habeas corpus. Writ allowed.

Warren & Warren, for petitioner.

George F. Short, Atty. Gen., and N. W. Gore, Ass't. Atty. Gen., opposed.

PER CURIAM. On the 24th day of September, 1923, petitioner Joe Riddle filed a verified petition in this court for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty and imprisoned in the county jail of Choctaw county by D. M. McClanahan, sheriff of said county; that the cause of said restraint is that the said Joe Riddle is being held to testify as a witness in a misdemeanor case pending in the county court of said county against one Bill Johnson, charged with the unlawful sale of intoxicating

liquor, and there has never been any order of the county judge to hold this petitioner as a witness in the said case; and that the said petitioner has been restrained in said county jail at Hugo, Okla., since the 22d day of January, 1923; that on the 22d day of September, 1923, petitioner applied to Hon. G. M. Barrett, judge of the district court of Hugo, for a writ of habeas corpus, and on a hearing on said day said writ was denied, although the return of the sheriff showed that the said Joe Riddle was held solely as a witness in the said misdemeanor case by order of the county attorney of Choctaw county. And petitioner further alleges for such reasons said restraint is illegal and unauthorized, in that there is no authority of law to hold petitioner for such length of time as a witness in a misdemeanor case; that said petitioner is a resident of Choctaw county, living at the town of Boswell, and has lived there for the past five years.

On the 24th day of September, 1923, this court issued a rule to show cause, addressed to D. E. McClanahan, sheriff of Choctaw county, the said McClanahan to appear before this court on October 3, 1923, at 10 o'clock a. m., and show cause, if any he had, for restraining petitioner as complained of in said petition. In response to said rule on the 29th day of September, 1923, the said respondent answered: First, that he was holding petitioner in his custody by virtue of an order of the district court of Choctaw county made and entered on the 22d day of September, 1923, wherein said court committed the petitioner to his custody upon the failure to give a recognizance bond in the sum of $50, conditioned for the appearance of the petitioner as a witness for the state in the county court of Choctaw county in an action pending in said court wherein the state of Oklahoma is plaintiff and one Bill Johnson defendant charged with the unlawful sale of intoxicating liquor. Second, by virtue of an

order of the county court of Choctaw county made and entered on the 27th day of September, 1923, also committing the said defendant for said purpose on his failure to give an appearance bond in the sum of $50 as a witness in said case.

It appears from the allegations of the petition and from the return thereto that the said Joe Riddle is being held in the custody of respondent upon failure to give an appearance bond in the sum of $50 as a witness in a misdemeanor case pending in the county court of Choctaw county, and that he has been so held without bond from January, 1923, until September 22, 1923, and since said date because of his inability to give said bond. The Attorney General has filed the following brief confessing that the writ should be granted as prayed for:

"The petitioner herein alleges that he is unlawfully restrained of his liberty by the sheriff of Choctaw county, Okla., and the return or response of said sheriff to the writ issued, discloses that the sheriff is holding the said Riddle upon an order made by Hon. G. M. Barrett, district judge of the Twenty-Seventh judicial district, directing that the petitioner, Joe Riddle, be held as a witness in a case pending in the county court wherein the plaintiff is charged with the unlawful sale of intoxicating liquors. It must be conceded that such an order is void and without effect, there being no statute authorizing the holding of a witness under bond or in jail for the purpose of obtaining his testimony in a misdemeanor case. Such is the holding of this court in the case of Little v. Territory, reported in 28 Okla. 467, 114 Pac. 699, Ann. Cas. 1912D, 337, in which case this court said: 'The power to bind a witness by recognizance to appear and give evidence in criminal cases is an extraordinary one, and cannot be exercised in the absence of statutory authority.'

"The Attorney General therefore desires to confess error and to suggest to this court that the writ prayed for be granted. George F. Short, Attorney General, by N. W. Gore, Assistant Attorney General."

There is no statutory authority for the proceedings invoked either by the district court or the county court of Choctaw county to hold the petitioner under bail to appear as a witness in a misdemeanor case in this state. The holding of the Supreme Court in Little v. Territory, supra, is conclusive of the question here involved. It is the opinion of this court that upon the allegations of the petition and return the petitioner is entitled to his discharge, and it is ordered that the writ of habeas corpus be granted and that the said respondent D. E. McClanahan, sheriff of Choctaw county, Okla., upon receipt of this order shall immediately discharge and release petitioner Joe Riddle from his custody, and the clerk of this court is directed to forward immediately a copy of this order to the said D. E. McClanahan, sheriff of Choctaw county, as his authority for discharging said petitioner.