## Pittston Township Auditors

*Kenneth J. English*, for appellant.

*Charles A. Shea, Jr.*, for petitioners.

PINOLA, J., October 14, 1949.—On June 30, 1949, James Shandra, a registered elector and taxpayer, filed his appeal from the audit of the Township of Pittston, particularly as to the accounts of the supervisors and the secretary-treasurer.

Appellant declares in the affidavit that the "appeal is not taken for the purpose of delay, but because he

verily believes that injustice has been done". In compliance with the requirement of the applicable statute that appellant shall enter into recognizance to prosecute the appeal with effect, appellant attached to the appeal an instrument in which he as principal and one Gino Chiavacci as surety acknowledge themselves bound to the Township of Pittston in the sum of $500, conditioned that he shall prosecute the appeal with effect and will pay all costs that may accrue thereon in case he shall fail to obtain a final decision more favorable to the Township of Pittston than that awarded by the auditors. It is signed and sealed. Below the signatures appears the following:

"Taken and acknowledge before me this 29th day of June, 1949. Bert R. Ardoline Notary Public, Pittston, Pa. My Commission Expires Mar. 28, 1953."

Impressed over this language is the seal of the notary.

Two supervisors, James Murphy and John DeGraba, the latter also having served as secretary-treasurer, obtained a rule now before us to show cause why the "recognizance" should not be stricken from the record and the appeal quashed. Their counsel urge: (a) That the recognizance is defectively acknowledged; (b) that it fails to reveal the source of title and location of the real estate of the surety; (c) it is not properly verified, and (d) that the appeal was not allowed by order of court.

## Discussion

Section 553 of article V of The Second Class Township Law of May 1, 1933, P. L. 103, 53 PS §19093-553 as amended, provides that:

". . . any registered elector or taxpayer . . . may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions."

Section 554 of the same article and act provides:

"No appeal . . . shall be allowed unless the appellant shall enter into recognizance to prosecute the same with effect, and to pay all costs accruing thereon, . . . if . . . he shall fail to obtain a final decision more favorable to the township than that awarded by the auditors. . . ."

True Court Rule 7, par. D, requires that "All personal sureties shall give specific reference on the bail piece or recognizance to the record showing the source of title and the location of the real estate," but section 554 does not require that any surety join in the recognizance as is required under section 555 in case of intervention in an appeal by the township or a township official.

Since the act itself does not require a surety, the court could require none: Comfort v. Kittle, 81 Iowa 179, 46 N. W. 988; and, therefore, the objection to the failure to include the source of title and location of real estate must be dismissed.

The objection that the appeal is not verified is not sound.

While the appeal contains the allegation that "some, if not all of said accounts are incorrect, improper, unjust and fraudulent, and inimical to the rights and financial interests of the taxpayers," it does not contain any averment of fact which requires a verification. Appellant has adopted the form of the appeal used in appeals to the Supreme Court and the Superior Court, and in our judgment the affidavit is not only sufficient but proper.

The objection that the appeal must be allowed by the court is also without merit. Under section 553, "any registered elector or taxpayer . . . may appeal to the court of common pleas" within a certain time.

Section 554 provides that "No appeal . . . shall be allowed unless the appellant shall enter into recog-

nizance." This does not necessarily mean that there must be an allowance by the court. If the legislature had in mind that the court should allow the appeal, it would have said so, as it did in the case of boroughs. The Act of June 9, 1931, P. L. 386, sec. 29, as amended, 53 PS §12985, which is almost the same as the township act, declares:

"No appeal . . . shall be allowed, unless . . . the appellant shall enter into bond, etc. . . . Unless such bond is filed as hereinbefore provided, the court of common pleas, upon application, shall set aside the appeal."

This latter provision was added by amendment in 1947, because, in our opinion, prior thereto an appellant was not required to obtain allowance of his appeal by the court.

In the absence of a specific requirement, we hold there is no need for such an allowance of the appeal.

This brings us to the remaining question,—shall the appeal be dismissed because the recognizance was not taken before someone having the right to take it?

The recognizance filed is in proper form, but counsel insist that a notary public had no authority to take it, and therefore, it is a nullity. They cite for that proposition a decision by Judge Halsey of this court in Barrett's Appeal, 16 Dist. R. 1009, involving the same township. The act then governing the situation provided that "no appeal . . . shall be *received* unless the appellant shall enter into a recognizance with two sufficient sureties. . . ." The recognizance filed was entered into by two persons, but it was not signed by John Tierney, the officer on whose behalf the appeal had been taken. It was adjudged defective and the appeal was stricken off.

A recognizance has a technical meaning: It is an obligation of record entered into before a court or officer duly authorized for that purpose with the con-

dition to do some act required by law which is therein specified: 2 Blackstone Commentaries 341. It need not be in writing and could be taken verbally: Commonwealth v. Emery, 2 Binney 431; Commonwealth v. McHenry, 13 Phila. 451; State v. Bradsher, 189 N. C. 401, 127 S. E. 349; Comomnwealth v. Lamar, 32 Pa. Superior Ct. 200; Goldberg v. Grossman and Rosenau, 105 Pa. Superior Ct. 50. Therefore, the signature of Tierney was unnecessary.

In Brackbill v. Strasburg Township Supervisors, reported on the same page (16 Dist. R. 1009), where the bond was not taken before a court of record or magistrate and was ruled not to be a recognizance as required by law, Judge Hassler held:

"The appeal in this case was taken in good faith within the time prescribed by law, and that the recognizance is not in proper form, has produced no delay and does the defendants no injury. The appellants should, therefore, be allowed to amend it, so as to comply with the letter of the act of assembly, as they have done with its spirit, in giving security conditioned as required."

This is the better practice and has been followed in a host of cases by most able judges, including President Judge Rice in Speicher v. Clifton Township, 1 Kulp 465. It was referred to as the established practice by President Judge Keller in New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367, 369. And Judge Dithrich in Dougherty v. Greggs, 159 Pa. Superior Ct. 166, declared that where there has been " 'merely some defect in the form or execution of the recognizance or bond on appeal, under the practice since Means v. Trout, 16 S. & R. 349, it would have been the *duty* of the court below to give the appellant reasonable opportunity to perfect the recognizance or bond before striking off the appeal' ".

If the act requires a recognizance, then appellant should have an opportunity to amend. But, in our opinion, the legislature did not in this case use the word "recognizance" in its technical sense. Rather it used the word interchangeably with "bond". It did this not only in the case of townships but in the case of counties as well.

In counties, if an officer be appellant, he is required to enter "into a *recognizance*, with two sufficient sureties": The General County Law of May 2, 1929, P. L. 1278, 16 PS §379.

So, too, if the appeal is by taxpayers, they are required to "enter into *recognizance* with two sufficient sureties".

But if taxpayers ask to intervene in a pending action, they are required to "file . . . a *bond* with one or more sufficient sureties to be approved by said court": Act of 1929, supra, art. XII, sec. 1035. Certainly the legislature did not intend that the documents be different. It must have intended that the words "recognizance" and "bond" mean the same.

Mr. Chief Justice Maxey, in Mayo's Appeal, 315 Pa. 269, a case dealing with an appeal under the county law, treated them as being synonymous. Section 1035 of the act provides that any ten or more taxpayers may appeal from a controller's report and that appellants "shall enter into recognizance, with two sufficient sureties". A bond and not a recognizance was filed in which certain parties were designated principals and others sureties. Referring to it, Chief Justice Maxey used the following language (p. 271) : "the *bond* in this case, . . . the *bond* itself recites . . ." and "the *bond*, however, is only signed by ten of the appellants as principals," and then on page 272 he refers to it as

a "recognizance". Again, on page 273, he refers to it as a "recognizance".

The heading of section 554 (53 PS §19093-554) is "Taxpayers' Appeal; *Bond;*" then the act provides that the taxpayer appealing must enter into "recognizance". But a taxpayer intervening in an appeal taken by an officer or by the township, is required only to "file in the court of common pleas a *bond* with one or more sufficient sureties". (Act of July 10, 1947, P. L. 1481, sec. 555, 53 PS §19093-555.)

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. . . . When the words of a law are not explicit the intention of the legislature may be ascertained by considering, among other matters . . . the object to be attained; and the consequences of a particular interpretation: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551). Whether the appeal be by a taxpayer direct or whether intervention be by a taxpayer in an appeal taken by the township or the officers thereof, the object of the security is the same, namely, that appellant will pay costs if a more favorable result be not obtained.

Furthermore, there is a presumption that the legislature does not intend a result that is absurd, impossible of execution or unreasonable; and another presumption is that the legislature intends the entire statute to be effective and certain.

It is unbelievable that in the case of an appeal by a taxpayer the legislature intended that he should file a "recognizance", while in the case of intervention he must file a "bond".

We believe, and therefore hold, in line with the decisions in many States (53 C. J. 566, §26), that the legislature intended to require a bond in either case.

Therefore, we enter the following

*Order*

Now, October 14, 1949, the rule to show cause why the recognizance should not be stricken from the record and the appeal dismissed and quashed, is discharged.