### Ex Parte Bert Carter.

#### No. 1197.   Decided April 19, 1911.

**Habeas Corpus—Witness Turning State's Evidence—Agreement of Immunity.**

Where relator consummated an agreement with the district attorney which was fully sanctioned by the trial judge by which he was and is to testify for the State against a codefendant until the latter's case is finally settled, at which time relator's case is to be dismissed, and it appeared that said codefendant's case is still pending, and relator's case was not bailable under the facts, there was no error in refusing bail to relator. Following Ex parte Greenhaw, 41 Texas Crim. Rep., 278.

Appeal from the District Court of Eastland.   Tried below before the Hon. Thos. L. Blanton.

Appeal from a judgment denying bail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Relator applied for bail, but this was refused by the trial court.

For disposition of this appeal it is sufficient, in regard to the matter at issue, to state that relator and Grant were indicted for murder. Relator consummated an agreement with the district attorney, which is fully sanctioned by the trial judge, by which he was and is to testify for the State against Grant until Grant's case is finally settled, at which time relator's case is to be dismissed. The agreement is such an one as is recognized by the laws of this State.

The agreement and the evidence which he agrees to give and to which has on at least two trials testified are in writing and set out in the record. We deem it unnecessary to incumber this opinion with details of these documents. Relator has responded to his agreement when called upon to do so to the satisfaction of the State authorities. Upon Grant's first trial a conviction resulted, the death penalty being awarded by the jury. This judgment was reversed. Upon another trial Grant has been again convicted and has appealed.

Relator's contention is that under his agreement he is held more as a witness than under the accusation of murder. In a sense this is true, but not in the sense that he is entitled to his discharge or to be admitted to bail. His agreement is that he is only to be discharged when Grant's case becomes a finality. This has not occurred. Until

that event his status remains under the indictment preferred against him. The evidence is sufficient to refuse bail. It is unnecessary to write further than to say that the questions urged are decided adversely to the relator's contention in Ex parte Greenhaw, 41 Texas Crim. Rep., 278.

The judgment is affirmed.

*Affirmed.*