## STATE v. WALKER.
No. 6730.
Circuit Court, Lake County.
May 19, 1971.

Gordon G. Oldham, Jr., State Attorney, for the state.

Christopher C. Ward, Tavares, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on to be heard by the court upon a motion made by defense counsel for a transcript of the grand jury proceedings regarding the case of Leila Walker. Leila Walker is charged with the capital crime of first degree murder. Oral arguments of counsel were heard by the court, and the court instructed counsel to furnish briefs on the law to the court. Defense counsel contends there may be great discrepancies between the testimony given at the grand jury hearing, where the witnesses were placed under oath and sworn to tell the truth, with other facts of the case, and possibly with the testimony that the same witnesses will give at the trial of the case. There is no way for defense counsel to impeach a witness due to inconsistent statements made at the grand jury hearing unless a transcript of the grand jury proceedings for this particular case is made available to defense counsel.

### Findings of fact

The defendant has been charged by indictment of the crime of first degree murder. The defendant is presumed innocent until proven guilty by competent and legal evidence, and beyond and to the exclusion of every reasonable doubt. The grand jury did

meet and did return a true bill for first degree murder against this defendant. Witnesses who testified at the grand jury hearing will, of necessity, have to appear in the circuit court to testify for the state in the trial.

### Findings as to law

It has commonly been said that there are five reasons for the policy of secrecy of grand jury proceedings —

(1) "To prevent the escape of those whose indictment may be contemplated."

(2) "To insure the utmost freedom to the grand jury in its deliberations and to prevent persons subject to indictment or their friends from importuning the grand jurors."

(3) "To prevent subornation of perjury or tampering with the witnesses, who may testify before the grand jury and later appear at the trial of those indicted by it."

(4) "To encourage free and untrammeled disclosure by persons who have information with respect to the commission of crime."

(5) "To protect the innocent accused, who is exonerated from disclosure of the fact he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

1 Fed. P. and P., Wright, 1969, p. 140.

The issue is different, however, after the grand jury has concluded its investigation. The first three reasons for secrecy are no longer applicable. The fifth reason is not involved because indictment has been returned, in this case first degree murder. The only reason for the secrecy rule left would be to encourage free disclosure by those who have information about crimes. However, certainly the free disclosure should be free disclosure of truthful information, and the witnesses must expect that the damaging evidence he or she gives to the grand jury will also have to be given at the trial of the cause, and if he tells the truth both times, disclosure of the grand jury testimony cannot cause any harm.

In the case of State v. Buchanan, Third District Court of Appeal 1965, 175 So.2d 803, the circuit court had made a long finding of fact, and stated —

"As evidence of said agreement [an agreement between the witness, who is testifying, the state attorney and the grand jury] there is attached hereto and made a part hereof a certified

copy of an interim report of the said Dade County grand jury . . ."

The court had even gone into the grand jury's minutes to find the reasons for the particular agreement and made them a part of the actual criminal file.

15 Fla. Jur. 283 states —

> While the policy of the law, as shown above, is to require the utmost secrecy as to the grand jury's proceedings while it is in session, the purposes of the policy of secrecy are largely accomplished after the indictment or presentment has been found, the custody of the accused had, and the grand jury fully discharged. . . A witness before the grand jury has no privilege of having his testimony treated as a confidential communication, but must be considered as testifying under all the obligations of an oath in a judicial proceeding. Hence his testimony may be disclosed whenever it becomes material to the administration of justice otherwise, witnesses before the grand jury might be tempted to commit perjury without fear of punishment, and grand jurors would have no credible evidence on which to act, on the one hand, and the citizen, on the other, would be deprived of one of his most boasted and valuable protections against arbitrary accusations and arrests. Accordingly a grand juror may testify, in an action for malicious prosecution, as to who was the prosecuting witness before the grand jury. Similarly, a grand juror may testify for the purposes of impeaching the witness, whether the testimony given by a witness before the trial court corresponds with that given by him before the grand jury . . . A person who was present at the hearings of the grand jury and is summoned for the purpose of impeaching a state witness is in no different position than any other defense witness, whether he is a grand juror or the court reporter. Hence, he may not rely on the secrecy of the grand jury room, and refuse to cooperate with defendant's counsel in preparation of a defense by consultation regarding his knowledge of testimony given before the grand jury. Nor may he refuse to let counsel for defense examine the notes and transcripts he has been required to bring with him. Moreover, it is the duty of the court to compel such cooperation, once it has summoned the witness and issued a subpoena duces tecum.

### Opinion of the court

There being no prohibition against an order allowing an indigent defendant to have the minutes of the grand jury hearing, and it appearing that the ends of justice in the case at bar favor the granting of the defendant's request for the minutes of the grand jury proceedings,

It is ordered and adjudged that the defendant's motion for transcript of grand jury proceedings is granted, and the official

court reporter of the fifth judicial circuit of the State of Florida, in and for Lake County, is authorized and directed to transcribe and furnish a copy of the minutes of the grand jury proceedings regarding the case of the State of Florida v. Leila Walker to the defendant's court appointed counsel, Christopher C. Ford, Tavares, Florida.