HUBBART, Judge.
This is an original petition for a writ of habeas corpus brought by a witness who is presently restrained of her liberty in a county jail as a material witness in a first degree murder investigation. We have jurisdiction to entertain this petition. Art. V, § 4(b)(3); Ch. 79, Fla.Stat. (1979).
The central question presented for review is whether a circuit court has the inherent or statutory authority to hold a necessary and material witness in jail [in lieu of bail] to assure the witness’ appearance pursuant to subpoena in a state attorney investigation under Section 27.04, Florida Statutes (1979), where no charges are pending before the circuit court against any person in the cause. We hold that the circuit court lacks such authority and grant the petition for a writ of habeas corpus.
A
On March 20, 1980, the petitioner [Piedad Alvarez Rodriguez] filed an original sworn petition for a writ of habeas corpus before this court. The petitioner swore that she was restrained of her liberty at the Women’s Detention Center located in Miami, Dade County, Florida, in the custody of the respondent [Jack Sandstrom] as Director of *779 the Dade County Department of Corrections and Rehabilitation, that on March 9, 1980, she was arrested as a material witness for homicide on a material witness bond previously set by the Dade County Circuit Court in the amount of $750,000, that she has moved the circuit court for a reduction of such bail, which motion was denied, that she has notified the state attorney that she intends to assert her privilege against self-incrimination when called as a witness in the cause, that the state attorney has refused to take her testimony until she sets forth through counsel a summary of her proposed testimony, that she refuses to comply with the state attorney's request and is presently in the custody of the respondent in lieu of the bail which she is unable to raise. We immediately determined that this petition set forth a prima facie case for habeas corpus relief and commanded the respondent to show cause why the relief requested should not be granted.
On March 24, 1980, the respondent Jack Sandstrom filed a response which does not deny any of the above sworn allegations of the petition but contends that the bond set in this case is a reasonable one. Upon oral argument held in this cause on March 24, 1980, it was made to appear without dispute that no charges of first degree murder or any other criminal charge has been filed against anyone before the circuit court in this cause. The state attorney is merely investigating an alleged first degree murder and seeks to subpoena the petitioner as a possible witness in the case pursuant to Section 27.04, Florida Statutes (1979). At the conclusion of the oral argument, we granted the petition for writ of habeas corpus and discharged the petitioner forthwith. This opinion sets forth our reasons for reaching this result.
B
The law is well-settled that a circuit court has the inherent authority to hold a necessary and material witness in jail in a first degree murder case which is presently pending before it. State ex rel. Gebhardt v. Buchanan, 175 So.2d 803 (Fla. 3d DCA 1965). The circuit court also has the statutory authority to accomplish this result and may set bail to guarantee the witness’ appearance before the court. §§ 902.15, 902.-17, Fla.Stat. (1979). Central to the exercise of the circuit court’s authority in such case, however, is that a first degree murder charge must be pending before the circuit court at the time such material witness is committed to custody in lieu of bail. Our review of the Georgia cases upon which this court relied in the Gebhardt case convinces us that first degree murder charges must be pending before the court as a pre-condition to the court’s authority to commit a witness to custody in lieu of bail as a material and necessary witness in the cause. Lowe v. Taylor, 180 Ga. 654, 180 S.E. 223 (1935); Crosby v. Potts, 8 Ga.App. 463, 69 S.E. 582 (1910).
C
In the instant case, it is undisputed that a first degree murder charge is not pending before the circuit court in this cause. As such, it is our view that, under the established law of this state, the circuit court had no authority to commit the petitioner to custody in lieu of bail as a necessary and material witness. We reject the state’s contention that the circuit court has inherent authority to guarantee the appearance of a witness by a material witness bond in a state attorney investigation under Section 27.04, Florida Statutes (1979), into a possible first degree murder. We are unable to discover any authority in this state or elsewhere to sustain such a position and have been cited to none by the state.
The petition for writ of habeas corpus is granted and the defendant is discharged from the custody of the respondent.