UNITED STATES of America,

v.

Leonard FEINGOLD, Material Witness.

No. 76 C 1141.

United States District Court,
E. D. New York.

July 13, 1976.

Frederick H. Cohn, New York City, for Leonard Feingold.

David J. Ritchie, Jr., Sp. Atty., U. S. Atty's Office, Organized Crime Strike Force, Brooklyn, N. Y., for U. S.

## MEMORANDUM AND ORDER

PRATT, District Judge.

The motion by witness Leonard Feingold to quash an arrest warrant issued against him is denied, and the proceeding commenced by that motion is dismissed for the reasons hereinafter set forth.

Feingold is sought by the Government as a material witness in a pending criminal

**628**

action entitled "United States of America against Thomas Nashi" now pending in the Eastern District of New York under Docket No. 75 CR 152. Based upon an affidavit of Michael Marino, Special Agent for the Internal Revenue Service, Magistrate Catoggio issued a warrant for the arrest of Feingold who lives in California. That warrant has not been executed.

In this proceeding, Feingold has moved by his attorney "for an order quashing [the] material witness warrant". In support of the motion are submitted affidavits of the moving New York attorney and of one Leon Goldin of California who states he is "one of the attorneys for Leonard Feingold".

In support of the motion, Feingold urges (1) that he is not a material witness in the prosecution of defendant Nashi, and (2) that there was an insufficient showing of probable cause for issuance of the warrant.

In opposition, the Government contends, first, that the motion is without precedent and lacks statutory authority for the procedure followed and, second, that the arrest warrant was properly issued.

■ Turning first to the question of the procedure followed by Feingold, while the Government is correct in its assertion that there is no statutory authority for a proceeding such as is sought to be maintained here, similarly there is no direct statutory authority for the material witness warrant itself. If issuance of the warrant may rest on an inferred power, restraint of that power by suitable judicial action in appropriate circumstances may also be inferred. I find, therefore, that the Court has jurisdiction to entertain an application to quash a material witness warrant prior to its service, and that given an appropriate case the Court could grant the relief requested. Presented here, however, is not such a case.

■ A material witness warrant must be based on probable cause, which under Rule 46(b) F.R.Cr.P. and 18 U.S.C. 3149 must be tested by two criteria: (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his presence by subpoena". These requirements have been held to be reasonable, and if met, sufficient to support the issuance of an arrest warrant. *Bacon v. United States*, 449 F.2d 933, 943 (CA9, 1971).

In the affidavit of Michael Marino, sworn to before the Magistrate on March 18, 1976, there was sufficient factual data to support the Magistrate's finding of probable cause and issuance of the warrant.

■ As to materiality, (a) Feingold appeared as a witness before the Grand Jury that indicted Nashi for income tax evasion; (b) Special Agent Marino asserts that Feingold can give testimony at the trial that is material; and (c) Feingold signed checks totalling approximately $50,000 payable to XYZ Collection Company, of which Nashi was sole proprietor. These facts alone are sufficient to support the Magistrate's determination that Feingold's testimony was material.

■ As to the second element of probable cause, "may be impracticable to secure the witness' presence by subpoena", Feingold contends that before a warrant may issue, the Government must show that Feingold has actually disobeyed a subpoena. Such a claim not only disregards the statutory standard that there be merely a showing that a subpoena would be "impracticable"; it also would effectively defeat the very purpose of a material witness warrant under circumstances such as face the Government in this case.

We are not here dealing with a witness before a grand jury (cf. *Bacon v. United States*, supra.) where disregard of a subpoena would simply mean a continuation of the grand jury's deliberations until an appropriate warrant might be served and executed. Here, Feingold's testimony is needed at Nashi's trial. Once commenced, the trial would continue on consecutive days, and Feingold's testimony would be needed before the Government rested its case. Since Feingold is presumably in California, for the Government to have to defer its arrest warrant until he ignored a subpoena to attend the trial will preclude his testifying altogether.

The Marino affidavit showed unsuccessful attempts to serve Feingold with a subpoena either through his California attorney or on seven different days at Feingold's home. In view of such obvious unwillingness to cooperate with the Government, there was a clear showing before the Magistrate that Feingold's testimony at the trial could not practicably be assured by a subpoena. Under such circumstances, issuance of the material witness warrant was justified and proper.

Once Feingold has been taken into custody, he, of course, will be entitled to present additional information to the appropriate judicial officer to arrange suitable conditions for his release pursuant to 18 U.S.C. 3146 and 3149. At that time, the full factual picture can be developed, thereby protecting Feingold against any possible abuse of the arrest power by the Government.

Accordingly, the motion by Leonard Feingold to quash the material witness warrant is denied and the proceeding instituted by that motion is dismissed.

SO ORDERED.